UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMILO L. LOPEZ, | Civil Action No. 15-7978 (MCA) |
| Petitioner, | |
| STEVEN JOHNSON, et al., | MEMORANDUM & ORDER |
| Respondents. | |

This matter has been opened to the Court by Petitioner's motion for an evidentiary hearing and appointment of counsel. *See* ECF No. 37. For the reasons explained below, the Court is unable to decide Petitioner's motion for a hearing and appointment of counsel or resolve the Petition without an adequate record in connection with Petitioner's second PCR. The Court will administratively terminate the motion and direct Respondents to supplement the record and the briefing. The Court will also permit Petitioner to file a response after Respondents supplement the record. The Court will decide the motion and resolve the Petition once the record and briefing are complete.

*Pro se* Petitioner Camilo L. Lopez, a prisoner confined at East Jersey State Prison, previously sought a stay in this matter to exhaust the ineffective assistance claims in Ground Two of his federal habeas Petition in a second petition for postconviction relief ("Second PCR").[1] ECF Nos. 5-6. On November 22, 2021, the Court granted the stay and administratively terminated this matter accordingly.[2] ECF No. 8.

---

[1] Petitioner previously certified that his Petition, ECF No. 3, is his one all-inclusive Petition pursuant to *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).

[2] The Court made no determination about whether the claims brought in the Petition are timely, unexhausted, or procedurally defaulted.

Once his state court proceedings concluded, Petitioner requested to reopen this matter and also filed a motion for an evidentiary hearing based primarily on information contained in a September 21, 2018 letter to this Court from Donna Suarez (the "Suarez Letter"), a retired Jersey City police officer. In the letter, Suarez provides, among other things, criminal history information for two witnesses for the state and also alleges that Petitioner was framed by a relative of one of these testifying witnesses.[3]  *See* ECF Nos. 36, 37.

On February 28, 2023, the Court lifted the stay and directed Respondent to file a supplemental answer with respect to Ground Two of the Petition. The Court directed Respondents to provide the relevant record for Petitioner's second PCR and any arguments they wished the Court to consider. The Court also directed Respondents to respond to Petitioner's request for an evidentiary hearing and pro bono counsel. *See* ECF Nos. 37, 40.

On June 7, 2023, Respondents submitted a supplemental answer. ECF No. 41. Respondents have provided the Appellate Division decision, which affirms the denial of Petitioner's second PCR as follows:

> Defendant filed this second PCR petition in November 2018, once again alleging ineffective assistance of counsel. In an order dated February 21, 2019, the Criminal Part judge assigned to this case denied this second PCR petition.
>
> On appeal, defendant raises the following arguments in his pro se brief:
>
> POINT I
>
> APPELLANT'S SECOND [PCR] SHOULD HAVE BEEN GRANTED AS GOOD CAUSE WAS SHOW [SIC]. (Not Raised Below).
>
> POINT II
>
> TRIAL COUNSEL'S FAILURE TO COMMUNICATE CRUCIAL FACTS OF THE CASE WITH DEFENDANT AND

---

[3] This letter was submitted directly to this Court, and the Court forwarded a copy of the letter to the Office of the Attorney General.

THE JURY CAUSED [DEFENDANT] SUBSTANTIAL PREJUDICED AND INJURIOUS EFFECTS ON THE JURY'S VERDICT AND THE OUTCOME OF THE TRIAL. (Not Raised Below).

 A.) COUNSEL FAILED TO INVESTIGATE READY [SIC] AVAILABLE FACTS OF THE CASE TO PREPARE AN "ACTUAL INNOCENCE" DEFENSE CLAIM ON BEHALF OF THE DEFENDANT DEPRIVED HIM OF A FAIR TRIAL. (Not Raised Below).

 B.) FAILURE TO SUBJECT THE STATE'S CASE TO A MEANINGFUL ADVERSARY CHALLENGE TEST TO VALIDATE THE WORTHINESS OF MR. HERNANDEZ'S FALSE TESTIMONY DURING THE TRIAL FALLS FAR BELOW WHAT A REASONABLE, COMPETENT AND HONEST ATTORNEY WOULD HAVE DONE UNDER THE SAME CIRCUMSTANCES. (Not Raised Below).

 C.) COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS MR. HERNANDEZ'S PERJURED TESTIMONY IN FRONT OF THE JURY, WHICH BY DESIGN WAS TO DELIVERATELY DECEIT [SIC] THE JURORS AND ALLOWED TO GO ON UNMOLESTED, UNCORRECTED, AND UNCHALLENGED CONSTITUTED A VIOLATION OF THE DUE PROCESS CLAUSE AND THE RIGHT TO HAVE A FAIR TRIAL. (Not Raised Below).

 D.) A VIOLATION OF THE [U.S. CONST., AMENDS V, VI AND IV] AMENDMENTS GUARANTEED RIGHTS TO PROVIDED BY THE [N.J. CONST., ART. 1, ¶¶ 1 AND 10], PURSUANT TO N.J.S.A. 10:6-2e. (Not Raised Below).

 E.) COUNSEL'S FAILURE TO FILE A MOTION FOR ACQUITTAL AFTER THE STATE[']S CASE HAD CLOSED UNDER R. 3:18-2, REQUIRES THE CONVICTION TO BE VACATED. (Not Raised Below).

 We affirm the order of the Criminal Part because defendant has not provided any basis to satisfy the standard for filing a second PCR petition as codified in Rule 3:22-12(a)(2). Although the Criminal Part judge based her ruling on different legal grounds, it is a long-settled principle of appellate jurisprudence that "an appeal is taken from a trial court's ruling rather than reasons for the ruling." *State v. Adubato*, 420 N.J. Super. 167, 176 (App. Div. 2011).

 Affirmed.

*State v. Lopez*, No. A-3711-18, 2021 WL 2774847, at *1–2 (N.J. Super. App. Div. Jul. 2, 2021).

In light of the Appellate Division's decision, Respondents argue that

> Petitioner is barred from challenging the claims in Ground Two because there is an adequate and independent finding of procedural default in the state courts. Petitioner raised issues in his second PCR application which was time barred in the state courts pursuant to N.J.C.R. 3:22-12. Petitioner defaulted on these claims in the state court, thus they are procedurally barred and afford no grounds for habeas corpus relief.

Supplemental Answer at 6. Respondents also acknowledge that Petitioner could overcome procedural default by showing cause and actual prejudice but simply state that he cannot make that showing. *See id.* at 7.

From the outset, the record provided by Respondents is not adequate to decide the issues pending before this Court. At issue is whether each claim raised in Ground Two of the Petition is procedurally defaulted and/or still unexhausted and whether Petitioner has provided sufficient cause to overcome the procedural default of any of these claims. Respondents, however, do not provide the full record showing which claims Petitioner raised in his second PCR, and the Appellate Division's recitation also does not clearly identify these claims. It is also unclear whether Petitioner attempted to present the Suarez Letter as a basis for relief in his second PCR. At this time, the Court will direct Respondents to supplement the record with Petitioner's second PCR petition, any correspondence from the Office of the Public Defender in connection with Petitioner's second PCR (including requests for counsel), all supporting memoranda or briefs submitted by Petitioner and the state, and any decision(s) and order(s) issued by the PCR court in connection with the second PCR.[4]

Respondents also do not sufficiently address Petitioner's motion for a hearing and counsel, as directed by this Court. In his motion for a hearing and counsel, Petitioner appears to assert a

---

[4] All exhibits should be labeled and accompanied by an appendix. If any portion of the record is unavailable, Respondents shall provide a certification explaining why it is unavailable.

gateway (or freestanding) claim of actual innocence based on newly discovered evidence, i.e., the information contained in the Suarez Letter.

Currently, the Supreme Court treats actual innocence as a gateway for consideration of procedurally defaulted claims, such as the claims in Ground Two of the instant Petition.[5] *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518, 555 (2006); *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995). A "credible showing of actual innocence," provides a gateway to federal review of a petitioner's otherwise procedurally barred claim of a constitutional violation. *McQuiggin*, 569 U.S. at 386, 392. The threshold requirement for applying the actual innocence standard is new evidence supporting the petitioner's innocence. The Supreme Court opinions addressing the actual innocence gateway do not explicitly define "new evidence," and the circuit courts are split on whether the evidence must be newly discovered or whether it is sufficient that the evidence was not presented to the fact-finder at trial. *See Reeves v. Fayette* SCI, 897 F.3d 154, 161 (3d Cir. 2018) (collecting cases).

---

[5] The Supreme Court has not yet recognized the existence of a freestanding claim of actual innocence. *See McQuiggin*, 569 U.S. at 392; *cf. In re Davis*, 557 U.S. 952 (2009); *see also Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 119 (3d Cir.), *cert. denied sub nom. Wright v. Wingard*, 136 S. Ct. 241, 193 L. Ed. 2d 180 (2015), *reh'g denied*, 136 S. Ct. 580, 193 L. Ed. 2d 462 (2015). In *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court explained that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id.* at 400. The petitioner in *Herrera* was not entitled to habeas relief because he did not seek excusal of his procedural default; rather, he argued that newly discovered evidence showed that his conviction was factually incorrect. *Id.* at 404–05. However, the *Herrera* Court left open the possibility of a freestanding claim of actual innocence – at least in the capital context. *See id.* at 417 (O'Connor, J., concurring) (assuming "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim" and finding that the threshold for such a claim would "be extraordinarily high").

In this context, actual innocence refers to factual innocence, not legal insufficiency. *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citation omitted).

> To satisfy this standard, first, "a petitioner must present new, reliable evidence" and second, "show by a preponderance of the evidence 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing and quoting *Schlup*, 513 U.S. at 324, 327, 115 S.Ct. 851), or stated differently, that it is "more likely than not any reasonable juror would have reasonable doubt," *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). As part of the reliability assessment of the first step, the court "may consider how the timing of [the petitioner's] submission and the likely credibility of the [witnesses] bear on the probable reliability of that evidence," as well as the circumstances surrounding the evidence and any supporting corroboration. *Id.* at 537, 551, 126 S. Ct. 2064 (internal quotation marks and citation omitted); *see also McQuiggin*, 569 U.S. at 399, 133 S.Ct. 1924.

*Reeves*, 897 F.3d at 160–61, 164 (holding that where a state prisoner asserts ineffective assistance of counsel based on counsel's failure to discover or present exculpatory evidence demonstrating his actual innocence, that evidence qualifies as new evidence for purposes of the actual innocence miscarriage of justice gateway to excuse procedural default). Respondents do not directly address Petitioner's actual innocence arguments in their supplemental answer. They briefly argue that "the information contained in the letter Donna Suarez could have been discovered earlier" but do distinguish *Reeves* or cite to the law governing gateway actual innocence claims. As such, in addition to supplementing the record with the full record of Petitioner's second PCR, Respondents shall supplement their briefing and respond to Petitioner's actual innocence arguments, as raised in his motion for a hearing.

Respondents shall submit the supplemental record and supplemental briefing within 30 days of the date of this Memorandum & Order, and serve copies of their briefing and exhibits on Petitioner at the address on file. Petitioner may submit a reply brief within 30 days thereafter. The

Court will reactivate and decide the motion for a hearing and for counsel once the record and the briefing is complete.

**IT IS** therefore on this 29th day of June 2023,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE Petitioner's motion for a hearing and counsel (ECF No. 37); and it is further

**ORDERED** that Respondents shall supplement the record within thirty (30) days of the entry of this Order with copies of Petitioner's second PCR petition, any correspondence from the Office of the Public Defender in connection with Petitioner's second PCR; all supporting memoranda or briefs submitted by Petitioner and the state in connection with Petitioner's second PCR, and any decision(s) and order(s) issued by the PCR court in connection with the second PCR; and it is further

**ORDERED** that Respondents shall also submit supplemental briefing addressing Petitioner's actual innocence arguments, as raised in his motion for a hearing and counsel; and it is further

**ORDERED** that Respondents shall serve a copy of the record and their briefing on Petitioner; and it is further

**ORDERED** that Petitioner may file and serve a reply within thirty (30) days after Respondents file the answer, see Habeas Rule 5(e); it is further

**ORDERED** that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that that the Clerk shall send a copy of this Order to Petitioner at the address on file.

_____
Hon. Madeline Cox Arleo, District Judge
United States District Court